United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-10884

United States of America
                        Plaintiff-Appellee,

versus

Alfredo Porter
                        Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(U.S.D.C. No. 3:03-cr-00327-1)

Before REAVLEY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    This appeal arises from defendant-appellant Alfredo Porter's conviction of (1) conspiracy to distribute and possess with intent to distribute PCP and marijuana; (2) possession of PCP and marijuana with intent to distribute; (3) using, carrying, and possessing a firearm in furtherance of drug trafficking; and (4) possession of a firearm by a convicted felon. Porter argues that the district court abused its discretion by admitting evidence of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a prior drug arrest under Federal Rule of Evidence 404(b). We affirm.

**I**

On March 24, 2003, Dallas police officer Michael Mata, using binoculars, observed several individuals selling drugs out of a house located at 2625 Jennings Avenue, Dallas, Texas. After approximately twenty-five minutes of observation, Mata approached the house and, through the screen door, observed Porter at a table counting stacks of money, with distributable quantities of marijuana, PCP, other drugs, a handgun, and a scale nearby. After Mata identified himself as a member of the Dallas police department, Porter flipped the table over and fled out the backdoor of the residence. As Mata gathered evidence at the house, other officers pursued Porter and, shortly thereafter, Officer Steven Moore apprehended him.

Prior to trial, the government notified Porter that it intended to introduce evidence, pursuant to Federal Rule of Evidence 404(b), that Porter had been arrested for a similar offense on March 3, 2003, in Duncanville, Texas. Porter filed a motion in limine seeking to exclude evidence of the Duncanville arrest. After a hearing, the district court overruled Porter's motion and allowed the government to introduce the evidence.

The Duncanville arrest occurred on March 3, 2003, three weeks before the charged incident. There, Porter was riding in the

backseat of a car pulled over for a traffic violation by Ralph Woods, an officer with the Duncanville police department. The driver of the car had several outstanding warrants and was placed under arrest. After Porter was asked to exit the vehicle, he took a cooler in his possession and stashed it on the back dash of the car. Subsequently, Officer Woods searched the cooler and found distributable amounts of marijuana, methamphetamine, and ecstasy. When Woods attempted to place Porter under arrest, Porter fled on foot.

Porter pled not guilty to all four counts. After the government put on evidence establishing the above facts, Porter presented three witnesses that testified that Porter was not a drug dealer operating out of the Jennings Avenue residence. Rather, each witness testified that Porter had arrived at the house shortly before the police raid in order to purchase drugs. The jury found Porter guilty on all four counts, and he was sentenced to a total term of imprisonment of 117 months and to a five-year term of supervised release. Porter filed a timely notice of appeal.

## II

We review the district court's decision to admit evidence pursuant to Federal Rule of Evidence 404(b) for an abuse of discretion.[1] Rule 404(b) excludes evidence of a defendant's prior

---

[1] *United States v. Jackson*, 339 F.3d 349, 354 (5th Cir. 2003); *United States v. Anderson*, 933 F.2d 1261, 1267-68 (5th Cir. 1991). In *Anderson*, this Court noted that although review

crimes, wrongs, or acts, when offered to prove that his conduct in the charged offense was in conformity therewith.[2] Rule 404(b) allows evidence of prior bad acts, however, when offered for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."[3]

Our review is governed by the two-part test established in *United States v. Beechum*. First, the evidence must be relevant to an issue other than the defendant's character; second, the evidence must possess probative value which is not outweighed by the risk of unfair prejudice.[4] Here, Porter concedes that, by pleading not guilty to a charge of conspiracy, he placed his intent, knowledge, and absence of mistake at issue.[5] Thus, Porter's argument focuses on the second-part of the *Beechum* analysis: the prejudicial effect of the Duncanville arrest.

_____

was deferential, in criminal trials, it is "necessarily heightened." *Anderson*, 933 F.2d at 1267-68.

[2]FED. R. EVID. 404(b).

[3]*Id.*

[4]*United States v. Beechum*, 582 F.2d 898, 911 (1978) (en banc).

[5]*United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003); *see also United States v. Wilwright*, 56 F.3d 586, 589 (5th Cir. 1995) (recognizing that intent is especially at issue when "the defendant contends that he was merely present at the scene of the crime").

Porter argues that evidence of the Duncanville arrest is unnecessary to establish (1) his presence at the Jennings Avenue residence, (2) his guilt, since witnesses directly observed him selling narcotics and possessing firearms, and (3) his involvement in a conspiracy, since witnesses directly observed him acting with another in the drug trafficking enterprise. In short, Porter argues that extrinsic evidence of the Duncanville arrest is unnecessary given the "strong" case against him and the government's "direct and persuasive evidence."

Given these admissions, it is hard to see how the district court's decision to admit evidence of the Duncanville arrest, even if incorrect, was not harmless error.[6] Regardless, we reject each of Porter's arguments.

Porter's first two arguments are similar. First, Porter argues that admitting the Duncanville arrest was unnecessary to establish Porter's presence at the drug house because "witnesses" testified that Porter was at the location. Second, Porter argues that admitting the Duncanville arrest was unnecessary to establish Porter's guilt of the crimes charged since "witnesses" directly observed him selling narcotics and possessing firearms. Both arguments are lacking. Considering the need for the evidence,[7] the

---

[6]*See United States v. Edwards*, 303 F.3d 606, 623 (5th Cir. 2002) (recognizing that erroneous admission of evidence does not warrant reversal when it amounts to harmless error).

[7]*See United States v. Jackson*, 339 F.3d 349, 354-57 (5th Cir. 2003).

government presented a single witness, Officer Mata, that could place Porter at the heart of the criminal conduct. Moreover, Porter placed his intent at issue, arguing that he was present at the Jennings Avenue residence only as a drug buyer, not as a drug seller.[8] Second, the offenses are somewhat similar. Both involved possession of distributable amounts of drugs, including marijuana. Finally, the offenses occurred only three weeks apart.

Porter's final argument is that since the government had the eyewitness testimony of Officer Mata that identified Porter and his co-conspirator, Randy Anthony, at the Jennings Avenue residence, extraneous evidence was not necessary to establish a conspiracy to sell drugs. Porter is perhaps correct in this contention, although it does not affect our decision. The extrinsic evidence of the Duncanville arrest did not implicate Porter in a conspiracy with Randy Anthony. Porter was in a car with several individuals, none of which was Anthony. None of the circumstances surrounding the Duncanville arrest suggests that Porter had or was conspiring to sell drugs with any other individual. However, for reasons already discussed, evidence of the Duncanville arrest is relevant to establish Porter's intent and identity at the time of the events occurring at the Jennings Avenue residence.

Finally, any prejudicial effect of the Duncanville arrest was mitigated by the limiting instruction provided by the district

---

[8]*See Wilwright*, 56 F.3d at 589.

court.[9]  Therefore, the district court did not abuse its discretion in admitting the evidence.

### III

We reject Porter's challenge to his conviction.  Accordingly, the judgement of the district court is AFFIRMED.

---

[9]*See United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000).